UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                         CRIMINAL NO. 17-cr-20126

v.                                         HON. ARTHUR J. TARNOW

MIGUEL ANGEL MARTINEZ,

       Defendant.

---

**Government's Response and Brief in Support
Opposing Defendant's Motion to Dismiss Count Two
(Doc. 34)**

---

For the reasons stated in the government's brief, this Court should deny the defendant's motion.

                                                        MATTHEW SCHNEIDER,
                                                        United States Attorney

                                                        *s/ Margaret M. Smith*
                                                        MARGARET M. SMITH
                                                        Assistant United States Attorney
                                                        211 W. Fort Street, Suite 2001
                                                        Detroit, MI  48226
                                                        Phone:  (313) 226-9135
                                                        E-Mail: margaret.smith@usdoj.gov
                                                        Bar No. P71413

Dated: June 22, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                       CRIMINAL NO. 17-cr-20126

v.                                    HON. ARTHUR J. TARNOW

MIGUEL ANGEL MARTINEZ,

      Defendant.

_____

**Government's Brief in Support Opposing Defendant's
Motion to Dismiss Count Two
(Doc. 34)**

_____

Defendant Miguel Martinez currently faces federal charges for distributing, receiving, and possessing child pornography. (Doc. 14). He now seeks an order from this Court to "order the Government to elect between counts two and three of the indictment and dismiss the count the Government does not intend to prove at trial." Alternatively, Defendant seeks a bill of particulars. Because the indictment does not contain the error that Defendant believes, his motion should be denied.

## I. Facts and Procedural History

The defendant's charges in this case stem from evidence discovered during an undercover investigation and execution of a federal search warrant at the defendant's house. As the indictment alleges, from approximately early September 2016, through the date of the search warrant in February 2017, the defendant was offering up child pornography files to trade with others by using a peer-to-peer file sharing system. After the defendant distributed several child pornography videos to the undercover agent, a search warrant was obtained and executed. A forensic review of the defendant's computer media revealed evidence of the online activities, as well as additional child pornography videos.

## II. Counts properly alleged in the indictment.

Defendant's argument that the double jeopardy clause prohibits the United States from moving forward with this indictment simply misapprehends the law.

As the indictment currently stands, Count Two of the indictment charges Martinez with knowingly receiving child pornography "on or about and between September 5, 2016, through on or about February 21, 2017 . . . ." (R. 14: Indictment). Count three charges knowingly possessing images of child pornography "on or about February 21, 2017 . . . ." (*Id.*). Neither the separate media items nor the specific images are further identified in the charging document. But it is not error for the indictment to allege the counts in this manner.

The Double Jeopardy Clause of the Fifth Amendment to the Constitution provides that no one will "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend V. It is meant to protect principles of finality and prevent prosecutorial overreach. *Ohio v. Johnson*, 467 U.S. 493, 501-02 (1984). The Fifth Amendment's prohibition on double jeopardy protects against being punished twice for a single criminal offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). "Congress, of course, has the power to authorize multiple punishments arising out of a single act or transaction. The constitutional guarantee against double jeopardy merely assures that the court does not 'exceed its legislative authorization by imposing multiple punishments for the same offense." *United States v. Overton*, 573 F.3d 679, 690 (9th Cir. 2009).

There is no double jeopardy violation at this stage in the proceeding. Jeopardy attaches in a criminal proceeding when the court accepts a plea agreement, when the jury is sworn or, in a bench trial, when the court begins to hear evidence. *Serfass v. United States*, 420 U.S. 377, 388 (1975) (citations omitted). It does not end until a verdict or a trial judge's final judgment of acquittal. *United States v. Byrne*, 203 F.3d 671, 673 (9th Cir. 2000). The Supreme Court "has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier

be a jury or a judge.'" *Serfass,* 420 U.S. at 388, (*quoting United States v. Jorn*, 400 U.S. 470, 479 (1971)).

The United States is well within constitutional boundaries to include both the offenses of receipt and possession of child pornography in the indictment, and can permissibly prosecute the Defendant for both offenses through trial, *see Ball v. United States,* 470 U.S. 856, 865 (1985), *United States v. Davenport*, 519 F.3d at 944, 948. However, the Double Jeopardy Clause would prohibit entry of **convictions** on both counts. *United States v. Ehle*, 640 F.3d 689 (6th Cir. 2011)*; See also United States v. Jose*, 425 F.3d 1237, 1247 (9th Cir. 2005) ("Thus, when a jury convicts on both the greater and the lesser included offenses, absent a clear indication by Congress that it intended to allow punishment for both offenses, the district court should enter a final judgment of conviction on the greater offense and vacate the conviction on the lesser offense." (citing *Rutledge v. United States*, 517 U.S. 292, 306 (1996))).

But this issue is easily resolved before entry of judgment. In prior cases, undersigned counsel utilized a special verdict form that listed count three (possession count) as a lesser included offense of count two (receipt count), and the Court instructed the jury that count three should be considered as a lesser-included. *See*, *e.g., United States v. Johnson*, 15-cr-20577, ED of MI. This remedy assumes

4

that the United States does not intend to present a superseding indictment to the grand jury prior to trial.[1]

### III. No bill of particulars necessary.

Alternatively, the defendant has moved for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f), which provides in relevant part that "the court may direct the government to file a bill of particulars."

Defendant's motion for a bill of particulars should be denied. A defendant is not entitled to a bill of particulars as a matter of right. *See Wong Tai v. United States*, 273 U.S. 77, 82 (1927). A request for a bill of particulars is properly rejected when the indictment adequately details the charges. *United States v. Mahar*, 801 F. 2d 1477, 1503 (6th Cir. 1976). "An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Bailey*, 444 U.S. 394, 414 (1980); *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also Russell v. United States*, 369 U.S. 749, 763–64 (1962); *United States v. Salisbury*, 983 F.2d 1369, 1373 (6th Cir.1993); *United States v. Piccolo*, 723 F.2d 1234, 1238 (6th Cir.1983) (en banc). "Stated differently, an indictment which

---

[1] For example, if a superseding indictment were returned, and the counts alleged specific images/videos, or specific devices, this issue will be moot. *United States v. Ogden*, 685 F.3d 600 (6th Cir. 2012).

describes the offense in terms of the words of the criminal statute, together with the approximate place and time of the offense, is generally sufficient." *United States v. United Memorial Hospital,* 2002 WL 33001119 (W.D. Mich. 2002); *United States v. Middleton*, 246 F.3d 825, 841 (6th Cir.2001); *United States v. Hanna*, 198 F.Supp.2d 236, 243 (E.D.N.Y.2002) (*citing United States v. Pirro*, 212 F.3d 86, 92 (2nd Cir.2000)); *see also United States v. Fruehauf Corp.*, 577 F.2d 1038, 1071 (6th Cir.1998) (holding in conspiracy case that charges were sufficient where they identified the object of the conspiracy and referred to the specific statutory sections involved).

"It is well established that if the government has provided the information called for in some other satisfactory form, then no bill of particulars is required." *United States v. Vasquez*, 867 F. 2d 872, 874 (5th Cir. 1989).

To date, the government has provided Defendant hundreds of pages of discovery. The government has also produced CDs containing additional evidence (audio recordings, photographs, and a search warrant return). The government has made the child pornographic evidence available for defense counsel to review. During these evidence reviews, the attorney for the government has personally explained to Defendant's attorneys precisely what evidence supports each count in the indictment. From the inception of this case, the government has been

6

forthcoming with the defense regarding discovery and review of the evidence. As the parties begin to prepare for trial, this will continue.

Defendant suggests that whether the same images "underlie" separate counts in the indictment may "present duplicity or double jeopardy issues." Defendant is incorrect. The government concedes that possession of child pornography is a lesser included offense for receipt of child pornography, and that convictions for both counts based on the same evidence cannot stand. However, as discussed above, there is no reason that a defendant cannot face charges of both receipt and possession of child pornography. This issue will be addressed at trial, and a bill of particulars is not the appropriate remedy.

## IV. Conclusion

The defendant's motion should be denied.

Respectfully submitted,

MATTHEW SCHNEIDER,
United States Attorney

*s/Margaret M. Smith*
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9135
E-Mail: margaret.smith@usdoj.gov
Bar No. P71413

Dated: June 22, 2018

## Certificate of Service

I certify that on Friday, June 22, 2018, I electronically filed the Response for the United States with the Clerk of the Court for the Eastern District of Michigan using the ECF system, which will send notification of such filing to the following attorney for the defendant:

>Joshua A. Blanchard
>Attorney for the Defendant
>josh@blanchard.law

>*s/Margaret M. Smith*
>Assistant United States Attorney
>United States Attorney's Office