# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**
                Plaintiff,      Case No. 2:17-cr-20126-AJT-APP

                                    Hon. Arthur J Tarnow
v.                                 United States District Judge

**MIGUEL MARTINEZ,**
                Defendant.

## REPLY TO GOVERNMENT'S RESPONSE OPPOSING DEFENDANT'S MOTION TO DISMISS OR FOR A BILL OF PARTICULARS

A conviction for both receipt and possession of child pornography is a violation of the Fifth Amendment's Double Jeopardy Clause. *United States v. Ehle*, 640 F.3d 689, 698 (6th Cir. 2011). Possession of child pornography is generally a lesser-included offense of receipt of child pornography. *United States v. Dudeck*, 657 F.3d 424 (6th Cir. 2011). Because the indictment in the present case charges the same criminal conduct in separate counts, it is multiplicitous. *See United States v. Gullett*, 713 F.2d 1203, 1211 (6th Cir. 1983).

1

While a violation of the rule against multiplicity is not fatal to an indictment, it must be remedied. *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981). A defendant's remedy is to move to require the government to "elect either count or the charge within the count upon which it will rely" or by the "court's instruction to the jury particularizing the distinct offense charged in each count in the indictment." *Id*.

Remedying the multiplicitous indictment in the manner suggested by the Government in the present case does not cure the potential prejudice inherent in multiplicitous indictments. By separating the same criminal conduct into separate counts, a multiplicitous indictment "can prejudice the jury by suggesting that more than one crime was committed." *Gullett, supra*, 713 F.3d at 1211-12. Likewise, a jury instruction is insufficient given the potential for harm and recognition of prejudice so far in advance of a trial. *See United States v. Marlinga*, No. CRIM 04-80372 (E.D. Mich. 2005).

The only remedy for the multiplicitous indictment in the present case which prevents the issue of prejudice and the potential for a violation of Double Jeopardy is to require the Government to elect

either count. Or in the alternative, the present indictment necessitates a bill of particulars to avoid multiplicity.

Defendant, Miguel Martinez, requests the Court dismiss count two or three, or, in the alternative, to grant his motion for a bill of particulars.

Respectfully Submitted,
**BLANCHARD LAW**

/s/ Joshua A. Blanchard

Dated: July 5, 2018 _____

Joshua A Blanchard (P72601)
Attorney for Defendant
309 S. Lafayette St., Ste 208
PO Box 938
Greenville, MI 48838
(616) 773-2945
(616) 328-6501 (fax)
josh@blanchard.law

3

## Certificate of Service

I certify that on July 5, 2018, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the CM/ECF system which will send notification of such filing to the following:

Margaret Smith (Margaret.Smith@usdoj.gov)

Dated: July 5, 2018

/s/ Joshua A. Blanchard
_____
Joshua A Blanchard (P72601)